IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BLUE TRAIN, INC. dba<br>PLAY BAR AND GRILL<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF CLEVELAND, *et al.*<br><br>    Defendants. | CASE NO. 1:25-cv-01950<br><br><br>JUDGE PATRICIA A. GAUGHAN |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendants City of Cleveland, Mayor Justin Bibb, Chief of Police Dorothy Todd and Chief Director of Public Safety Dornat A. Drummond (collectively "City Defendants") respectfully request that this Court deny Plaintiff's Motion for Temporary Restraining Order ("TRO"), filed

within its Sept. 12, 2025 Amended Complaint (Doc. # 1-2). The basis of Plaintiff's Motion is moot and no controversy remains.

        Respectfully submitted,

        MARK D. GRIFFIN (0064141)
        Director of Law

By:   */s/ Affan Ali*
        Elena N. Boop (0072907)
        Chief Trial Counsel
        William M. Menzalora (0061136)
        Chief Assistant Director of Law
        Affan Ali (85698)
        Assistant Director of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        Eboop@clevelandohio.gov
        Wmenzalora@clevelandohio.gov
        Aali2@clevelandohio.gov
        *Attorneys for Defendants*

**MEMORANDUM OF SUPPORT**

I. **STATEMENT OF FACTS**

On September 7, 2025, at approximately 6:15 p.m., a mass shooting in the Cleveland downtown Flats District resulted in six people suffering gunshot wounds and serious injuries.[1] The shooting occurred immediately outside Plaintiff's establishment and, under the rapidly unfolding events of the evening and in consideration for public safety, the City of Cleveland exercised its emergency powers under Cleveland Codified Ordinances to immediately shut down and board up the bar. ("premises").[2] (Amended Complaint, Doc. # 1-2, PageID #12).

On September 10, 2025, Plaintiff filed a Verified Complaint and Motion for Temporary Restraining Order (TRO), asking the state court to immediately restrain the City of Cleveland from continuing with the board-up. (Doc. # 1-4, PageID #19). Plaintiff alleged that Cleveland shut down its bar without justification or an opportunity to be heard. (Doc. #1-2, PageID #12-13). Plaintiff claimed it was unable to access the premises due to the board-up. (Doc. #1-2, PageID #12). A temporary restraining order was the only relief sought by Plaintiff. (Doc. #1-2, PageID #13).

On September 10, 2025, Defendant Dornat Drummond sent Plaintiff a declaration of nuisance and outlined a procedure for a post-deprivation hearing as well as a hearing on the nuisance declaration. (Ex. A, Correspondence from Dornat Drummond).

---

[1] Lucas Daprile, *'Chaos': 40 shots fired from four guns at mass shooting in the Flats, police say*, (Sept. 8, 2025), https://www.cleveland.com/news/2025/09/chaos-40-shots-fired-from-four-guns-at-mass-shooting-in-the-flats-police-say.html, (Sept. 17, 2025)

[2] Tyler Carey, Danielle Wiggins, *City of Cleveland stands by decision to close Play Bar & Grill after shooting in Flats that injured 6*, (Sept. 10, 2025), https://www.wkyc.com/article/news/local/cleveland/city-of-cleveland-stands-by-decision-close-play-bar-and-grill-shooting-flats/95-70cb7cdb-ce06-46f3-a313-f81ce5c32345, (accessed Sept. 17, 2025)

On September 11, 2025, Plaintiff's landlord locked it out of the premises.[3] Immediately thereafter, the City removed the boards from the exterior of the bar. (Doc. #1-2, PageID #12).

On September 12, 2025, Plaintiff filed the (First) Amended Verified Complaint and Motion for TRO. (Doc. No. 1-2, Page ID# 11). The Amended Complaint adds the "owner landlord and/or property management company," Defendants George Kimson and Flats East Phase 1 Retail, LLC. [Doc. # 1-2, PageID #11-12]. No TRO conference or hearing has followed in state court. In fact, the state court did not rule on Plaintiff's motion before it was removed to this court.

Prior to the State Court hearing or ruling on Plaintiff's motion for a TRO, this case was removed to this court. It is the City's position that Plaintiff's removal from the premises abated the immediate threat to public safety and the nuisance; so the boards were taken down.

## II.  LAW AND ARGUMENT

Once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings. *Grany Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123 (1974); see also *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429 (6th Cir. 2016) ("[t]he Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal"). In this case, Rule 65(b) of the Federal Rules of Civil Procedure governs temporary restraining orders. The Court may issue an ex-parte temporary restraining order only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard

---

[3] Lucas Daprile, *Developer terminates lease on Flats bar boarded up after mass shooting, takes possession of property*, (Sept. 11, 2025), https://www.cleveland.com/news/2025/09/developer-terminates-lease-on-flats-bar-boarded-up-after-mass-shooting-takes-possession-of-property.html, (Sept. 17, 2025)

4

in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A TRO is not justified against the City Defendants, where, as pleaded in Plaintiff's Amended Complaint, there is no proof of immediate and irreparable injury. The City has removed the boards immediately after the landlord had locked Plaintiff out of the premises. The alleged urgency underlying Plaintiff's motion for a TRO against the City has dissipated entirely. For this reason, Plaintiff's motion for a TRO should be denied.

### III. CONCLUSION

For these reasons, City Defendants respectfully request that the Court deny Plaintiff's motion for a temporary restraining order and grant any other relief the Court determines to be appropriate under the circumstances.

Respectfully submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By: */s/ Affan Ali*
Elena N. Boop (0072907)
Chief Trial Counsel
William M. Menzalora (0061136)
Chief Assistant Director of Law
Affan Ali (85698)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Eboop@clevelandohio.gov
Wmenzalora@clevelandohio.gov
AAli2@clevelandohio.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 17th day of September 2025, of which any registered parties will receive notice.  Additionally, a copy will be sent via ordinary mail to those listed below:

                                                                                    */s/ Affan Ali*
                                                                                    Affan Ali (85698)

Joseph P. Morse (0073298)
323 W. Lakeside Ave., Ste. 220
Cleveland, OH 44113
jpm@jmorse-law.com
*Attorney for Plaintiff*

Blue Train Inc.
dba Play Bar and Grill
1051 W. 10th St.
Cleveland, OH 44113

Blue Train Inc.
dba Play Bar and Grill
1900 Grove Court #109
Cleveland, OH 44133