# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Blue Train, Inc., | ) | CASE NO. 1:25 CV 1950 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | **Order** |
| City of Cleveland, *et al.*, | ) | |
| Defendants. | ) | |

## Introduction

This matter is before the Court upon plaintiff's Motion for Temporary Restraining Order. (Doc. 1). For the following reasons, the motion is DENIED.

## Facts

On September 10, 2025, plaintiff Blue Train, Inc. dba Play Bar and Grill filed a Verified Complaint and Motion for Temporary Restraining Order in the Cuyahoga County Common Pleas Court against defendants City of Cleveland, Mayor Justin Bibb, Chief of Police Dorothy A. Todd, and Chief Director of Public Safety Dornat A. Drummond (collectively hereafter, "the City defendants"). Plaintiff filed an Amended Verified Complaint and Motion for Temporary

1

Restraining Order on September 12, 2025, in the Cuyahoga County Common Pleas Court against the City defendants, George Kimson, and Flats East Phase 1 Retail, LLC (collectively hereafter, the Flats defendants). The City defendants removed the case to this Court on the basis of federal question jurisdiction as plaintiff had alleged a violation of the Fourteenth Amendment. Plaintiff did not notify this Court of the pending Motion for Temporary Restraining Order which was embedded in the Complaint and Amended Complaint, and not filed as a separate motion.

The Amended Complaint alleges the following. Plaintiff is the owner/operator of the premises located at 1051 West 10th Street in Cleveland, Ohio. The Flats defendants are the owner landlord and/or property management company in control of the lease at 1051 W. 10th Street. In the early evening of September 7, 2025, a shooting occurred in the area of West 10th and West 11th Streets. Plaintiff was not involved in or responsible for the shooting. Shortly thereafter, agents of the City of Cleveland notified plaintiff "that business located near the scene of the incident was to be boarded and closed." A couple hours later, without providing plaintiff notice or an opportunity to be heard, the City agents boarded the premises located at 1051 West 10th Street. Plaintiff has been unable to access the business premises since the boarding, causing ongoing financial losses and reputational harm. On September 11, 2025, plaintiff learned of crews removing the boarding, but it has received no communication regarding these actions. Plaintiff's counsel contacted the City of Cleveland Law Department and was informed that the boarding was being removed because the City had been informed by Flats East Phase 1 Retail, LLC that it would "lockout" or "evict" plaintiff. Plaintiff has not received notification of such. (Am.Compl.). The Amended Complaint sets forth two claims: a violation of due process rights guaranteed by the Fourteenth Amendment (Count One) and wrongful interference with

business operations (Count Two). Plaintiff requests a temporary restraining order "prohibiting Defendants from continuing to board, close, or otherwise interfere with Plaintiff's business operations at 1051 West 10th Street."

Evidence submitted to the Court by defendants reveals the following additional facts:

Plaintiff is the successor-in-interest, pursuant to an assignment effective July 1, 2024, to Giant Step Inc. which executed a lease with Flats East Phase 1 Retail for the premises located at 1051 West 10th Street. Flats East provided plaintiff with a Notice of Default under the lease on July 24, 2025, setting forth that plaintiff was in default of its obligations under the lease which prohibited use of the premises for any "unlawful, disreputable, or immoral purpose." The notice indicated that complaints had been received that plaintiff "and its patrons have continually shown a disrespect for the surrounding neighborhood and an utter disregard for minimal standards of public decency and conduct, including, but not limited to incidents involving gun-related activity, acts of violence, suspected drug sales and use, and public indecency occurring in, on, and about the Premises and its surrounding areas." As no response to the notice was received, Flats East sent plaintiff a notice of ongoing and continued default on August 19, 2025. Flats East informed plaintiff that it had until August 24, 2025, to cure all continuing defaults or Flats East had the right to terminate plaintiff's possession of the premises. Plaintiff did not cure the defaults. (Doc. 7 Exs. A-D).

On September 10, 2025, defendant Drummond, the City's Director of Public Safety, sent plaintiff a declaration of nuisance based on the September 7 shooting and other incidents. The notice outlined a procedure for a post-deprivation hearing as well as a hearing on the nuisance declaration. (Doc. 3 Ex. A). By email of September 12, 2025, Flats East informed plaintiff that it

had changed the locks on the premises and retaken possession in accordance with the July 24, 2025 and August 19, 2025 notices of default. (Doc. 7 Ex. E).

This matter is now before the Court upon plaintiff's Motion for Temporary Restraining Order.

**Standard of Review**

This Court considers four factors when ruling on a motion for a temporary restraining order: 1) whether the plaintiff has a strong likelihood of success on the merits; 2) whether plaintiff would suffer irreparable injury without the injunctive relief; 3) whether issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuance of the injunction. *Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir.2004) (preliminary injunction with notice to the adverse party). "The test is a flexible one and the factors are not prerequisites to be met but considerations that must be balanced against each other." *Sophia Parker Studios, Inc. v. Temperley,* 2024 WL 495668 (N.D. Ohio. December 3, 2024) (citations omitted).

**Discussion**

Plaintiff asserts that the City's action in boarding the premises prompted Flats East to lock plaintiff out of the property which has caused ongoing financial losses, reputational harm, and loss of customer goodwill all of which has caused plaintiff to suffer irreparable injury. Both the City defendants and the Flats defendants have opposed the Motion for Temporary Restraining Order. For the following reasons, the Court agrees with the defendants that injunctive relief is not warranted as plaintiff has not demonstrated, at a minimum, a likelihood of success on the merits or irreparable injury.

As the City defendants point out, plaintiff alleged that the City removed the boards immediately after the landlord locked plaintiff out of the premises. Plaintiff's assertion that the City's action "prompted" the lockout has no basis in light of the uncontradicted evidence of the lease and plaintiff's continuing default thereunder. If plaintiff believes that the "lockout" violated the terms of the lease, plaintiff's remedy would be monetary damages under that contract in the form of loss of revenue which can be calculated. "Because lost profits and economic harm can be calculated and remedied through compensatory damages, they are generally not sufficient to obtain injunctive relief." *Cheetah Miner USA Inc. v. 19200 Glendale, LLC*, 2023 WL 3223856, at *5 (E.D. Mich. May 3, 2023) (citations omitted). While loss of customer goodwill may "amount to irreparable injury because the damages flowing from such losses are difficult to compute," *Northwood, Inc. v. Clinical Wound Sols., LLC*, 2021 WL 1345574, at *4 (E.D. Mich. Apr. 12, 2021) (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp*., 511 F.3d 535, 550 (6th Cir. 2007), plaintiff presents nothing beyond an unsupported assertion of this kind of loss.

Nor has plaintiff demonstrated a likelihood of success on the merits. As to the due process claim, plaintiff alleges that its Fourteenth Amendment rights were violated by the "closing and boarding up [of its] business without notice or hearing." However, the City's notice of nuisance to plaintiff sets forth the opportunities for hearing as to the emergency decision to shut down and board up the premises. The Flats defendants are not liable under the Fourteenth Amendment which only applies to state action. *Franz v. Oxford Cmty. Sch. Dist*., 132 F.4th 447, 451 (6th Cir. 2025) ("The Fourteenth Amendment regulates only the state's actions—not those of private actors.")

5

As to the wrongful interference with business operations claim, the Court assumes plaintiff intended a tortious interference with a business relationship claim which exists under Ohio law. To prevail on this claim, plaintiff must establish: (1) the existence or the prospect of a business relationship; (2) that defendants knew of the relationship; (3) that defendants intentionally and materially interfered with the prospective relationship; (4) the interference was without justification; and (5) the interference caused plaintiff to suffer damages. *Plastics NYC, LLC v. Plastics Boutique, LLC,* 2025 WL 2696305, at *19 (N.D. Ohio Sept. 22, 2025) (citations omitted). The Flats defendants cannot be liable on this claim because "it is axiomatic that the wrongdoer must be a non-party to the contract." *Carter v. PJS of Parma, Inc.*, 2016 WL 1316354, at *3 (N.D. Ohio Apr. 4, 2016) (citing *Kenty v. Transamerica Premium Ins.*, 72 Ohio St. 3d 415, 418 (1995)). These defendants and plaintiff were parties to the lease. As to the City defendants, plaintiff has failed to show that the City's temporary boarding of the premises was unjustified.

For these reasons, plaintiff is not entitled to injunctive relief.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Temporary Restraining Order is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court

Dated: 9/30/25