UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Blue Train, Inc.,** ) | CASE NO. 1:25 CV 1950 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | **Memorandum of Opinion and Order** |
| **City of Cleveland,** *et al.,* ) | |
| ) | |
| Defendants. ) | |

**Introduction**

This matter is before the Court upon City Defendants' Motion for Judgment on the Pleadings. (Doc. 11). For the following reasons, the motion is GRANTED.

**Facts**

On September 10, 2025, plaintiff Blue Train, Inc. dba Play Bar and Grill filed a Verified Complaint and Motion for Temporary Restraining Order in the Cuyahoga County Common Pleas Court against defendants City of Cleveland, Mayor Justin Bibb, Chief of Police Dorothy A. Todd, and Chief Director of Public Safety Dornat A. Drummond (collectively hereafter, the City defendants). Plaintiff filed an Amended Verified Complaint and Motion for Temporary

1

Restraining Order on September 12, 2025, in the Cuyahoga County Common Pleas Court against the City defendants, George Kimson, and Flats East Phase 1 Retail, LLC (collectively hereafter, the Flats defendants). The City defendants removed the case to this Court on the basis of federal question jurisdiction as plaintiff had alleged a violation of the Fourteenth Amendment.  By prior Order, this Court denied the Motion for Temporary Restraining Order.

The Amended Complaint alleges the following. Plaintiff is the owner/operator of the premises located at 1051 West 10th Street in Cleveland, Ohio. The Flats defendants are the owner landlord and/or property management company in control of the lease at 1051 W. 10th Street. In the early evening of September 7, 2025, a shooting occurred in the area of West 10th and West 11th Streets. Plaintiff was not involved in or responsible for the shooting. Shortly thereafter, agents of the City of Cleveland notified plaintiff "that business located near the scene of the incident was to be boarded and closed." A couple hours later, without providing plaintiff notice or an opportunity to be heard, the City agents boarded the premises located at 1051 West 10th Street. Plaintiff has been unable to access the business premises since the boarding, causing ongoing financial losses and reputational harm. On September 11, 2025, plaintiff learned of crews removing the boarding, but it has received no communication regarding these actions. Plaintiff's counsel contacted the City of Cleveland Law Department and was informed that the boarding was being removed because the City had been informed by Flats East Phase 1 Retail, LLC that it would "lockout" or "evict" plaintiff. Plaintiff has not received notification of such.  (Am.Compl.). The Amended Complaint sets forth two claims: a violation of due process rights guaranteed by the Fourteenth Amendment (Count One) and wrongful interference with business operations (Count Two).

The Answer to the Amended Complaint filed by the City defendants asserts that "Play Bar and Grill has a long history of criminal incidents occurring at, inside, or in the immediate vicinity of, the Premises." Attached are the police reports and/or 911 call chronologies of relevant incidents. (Doc. 10 ¶ 7, Exs. 2-7).

An attachment to the Answer shows that on September 10, 2025, defendant Drummond, the City's Director of Public Safety, sent plaintiff a declaration of nuisance based on the September 7 shooting and other incidents. The notice outlined a procedure for a post-deprivation hearing as well as a hearing on the nuisance declaration. (Doc. 10 Ex. B).

This matter is now before the Court upon City Defendants' Motion for Judgment on the Pleadings.

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most

3

favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

**(1) Count One**

Count One asserts in full:

Count I – Violation of Due Process Rights

By closing and boarding up Plaintiff's business without notice or hearing, Defendants deprived Plaintiff of property without due process of law, in violation of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

Initially, the City defendants maintain that the federal due process claim fails because there is no direct cause of action for such. This Court agrees. "42 U.S.C. § 1983 is the exclusive remedy for constitutional violations by state and local officials- no direct action under the Constitution is available." *Desmond v. Ohio Dept. of Transportation,* 2006 WL 462431 (S.D.Ohio February 23, 2006)(citing *Thomas v. Shipka*, 818 F.2d 496 (6th Cir.1987); vacated on other grounds, 872 F.2d 772 (6th Cir.1989)). *See also Reo v. Lindstedt,* 2020 WL 92558392 (N.D.Ohio August 20, 2020) ("§ 1983 is the exclusive means for a party to recover for constitutional violations allegedly committed by government personnel"); and *Steele v. Hall,* 2013 WL 4012769 (N.D.Ohio August 6, 2013) (citations omitted) ("[N]o private right of action arises directly under the United States Constitution, rather a plaintiff complaining of a constitutional violation must utilize 42 U.S.C. § 1983.").

Nor is there a direct cause of action for an Ohio constitutional violation. *Moore v. City of Cleveland*, 388 F.Supp3d 908 (N.D.Ohio May 21, 2019) (citations omitted) ("Ohio law does not authorize private suits for violations of the Ohio Constitution.")

Rather than seek leave to amend the pleadings to assert a claim under § 1983, plaintiff contends that it may sufficiently state a cause of action under § 1983 despite its failure to invoke the statute. This Court disagrees given the Amended Complaint's allegations set forth above. Regardless, even if the Court construes Count One as being brought under § 1983, the claim fails to state a claim.

"To prove a civil rights claim under § 1983, a plaintiff must establish that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) he was subjected to or caused to be subjected to this deprivation by a person acting under color of state

5

law." *Steele, supra* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)).

The Amended Complaint fails to state an individual capacity claim against any City defendant. "The Sixth Circuit has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Webb v. Board of Judicial Conduct, Tn.,* 2025 WL 3218683 (M.D. Tenn. Nov. 18, 2025) (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). "Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal..." *Id.* (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights) and *Griffin v. Montgomery*, 2000 WL 1800569 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

The Amended Complaint alleges only that "agents of the City of Cleveland notified the plaintiff that business located near the scene of the incident was to be boarded and closed," "agents of the City of Cleveland under the direction of the City of Cleveland Division of Police boarded the premises," and the "City acted without providing plaintiff notice or an opportunity to be heard." (Doc. 1 ¶¶ 8, 9, 10). There is no reference to, or specific allegation against, defendants Bibb, Todd, or Drummond. Furthermore, Count One refers only to "defendants" and does not distinguish between the City defendants or the Flats defendants. Plaintiff argues merely that government officials may be sued individually when, as here, a

6

plaintiff is seeking injunctive relief. However, plaintiff's Amended Complaint makes no attempt to name these officials in their individual capacity. Accordingly, these defendants are dismissed as to any individual liability claim.

  The Court assumes, although not expressly stated in the Amended Complaint, that defendants Bibb, Todd, and Drummond are sued in their official capacity as they are named in their official roles of Mayor, Chief of Police, and Chief Director of Public Safety, respectively. It is well established that a "suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity." *Poole v. Jensen,* 2025 WL 3085035, at *3 (W.D. Mich. Nov. 5, 2025) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) and *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). As the City is also named, and these defendants are lumped together as one entity, the individual defendants maintain that the claims against them must be dismissed as redundant to the claims against the City. Plaintiff only asserts that the individual defendants committed acts which render the municipality liable. The Court agrees with defendants that dismissal of the defendants in their official capacity is warranted. "When a § 1983 complaint asserts a claim against a government entity and a government official in his official capacity, federal courts will dismiss the official-capacity claim." *Kouider on behalf of Y.C. v. Parma City School District Board of Education,* 480 F.Supp3d 772 (N.D.Ohio August 19, 2020) (citing *Brooks v. Skinner*, 139 F. Supp. 3d 869, 890 (S.D. Ohio 2015) (citing *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996)); accord *Agema v. City of Allegan*, 2015 WL 1022084, at *2 (W.D. Mich. Mar. 9, 2015) (collecting cases)). Accordingly, these defendants are dismissed as to any official capacity claim.

7

Finally, while the Amended Complaint does not include a § 1983 claim, to survive on such a claim against a municipality, a *Monell* claim must be asserted. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom...inflicts the injury that the government as an entity is responsible under § 1983." *Baker v. City of Columbus*, 2025 WL 3250912 (S.D. Ohio Nov. 21, 2025)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.")(other citations omitted).

Thus, to prevail on a § 1983 *Monell* claim against a municipality, a plaintiff must show that: (1) he or she suffered a deprivation of a constitutionally protected interest; and (2) the deprivation was caused by an official policy, custom, or usage of the municipality. *Hunt v. City of Toledo L. Dep't*, 881 F. Supp. 2d 854, 878 (N.D. Ohio 2012) (citing *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)).

Plaintiff argues that it has sufficiently pled a *Monell* claim based on a single decision by municipal policymakers. However, not only did the Amended Complaint fail to allege such a claim, but the factual allegations do not sufficiently plead such a basis of liability.

The Sixth Circuit has recently reiterated,

[M]unicipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"—for example, a single decision by a city council. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). But the policymaker must have "final authority to establish municipal policy with respect to the action ordered," which is a question of state law. *Id*. at 482–83, 106 S.Ct.

8

1292. A municipality can also be held liable for a subordinate's decision if the final policymaker ratifies a subordinate's decision, making it final. *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (plurality opinion)). But "on a single-act theory, a plaintiff must demonstrate that a 'deliberate choice to follow a course of action is made from among various alternatives by the official ... responsible for establishing final policy with respect to the subject matter in question.' " *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) (quoting *Pembaur*, 475 U.S. at 483, 106 S.Ct. 1292). The policymaker's "action must be shown to be the moving force behind or cause of the plaintiff's harm." *Id*.

*Guptill v. City of Chattanooga,* --- F.4th ----2025 WL 3295395 (6th Cir. November 26, 2025).

Plaintiff alleges only that "agents of the City of Cleveland notified the plaintiff that business located near the scene of the incident was to be boarded and closed," "agents of the City of Cleveland under the direction of the City of Cleveland Division of Police boarded the premises," and the "City acted without providing plaintiff notice or an opportunity to be heard." Although plaintiff argues in its brief that Mayor Bibb is the chief executive officer of the City with final authority including ultimate authority over Director Drummond and Chief Todd, the Amended Complaint did not allege a decision made by a specific City official.

Even if the Amended Complaint had alleged such, there can be no liability under *Monell* without an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). See also *North v. Cuyahoga Cty.*, 754 F. App'x 380, 389 (6th Cir. 2018) ("There must be a constitutional violation for a § 1983 claim against a municipality to succeed—if the plaintiff has suffered no constitutional injury, his *Monell* claim fails.").

The Court agrees with defendants that plaintiff's due process rights were not violated because an adequate postdeprivation process was provided by the City's notice of nuisance to

plaintiff which set forth the opportunities for hearing as to the emergency decision to shut down and board up the premises.

"When the situation necessitates 'quick action' by the state or makes efforts to provide a meaningful predeprivation process impracticable, the persons acting under state authority may proceed without violating the property owner's rights so long as the state provides an adequate postdeprivation procedure." *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994) (citing *Parratt v. Taylor,* 451 U.S. 527 (1981)). "Such a procedure satisfies the fundamental requirement of due process—an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.*

Here, the Amended Complaint alleges that a shooting occurred on the evening of September 7, 2025, in the area of plaintiff's business and that agents of the City boarded up plaintiff's business that day. Attached to the defendants' Answer is the City's September 10, 2025 notice of nuisance to plaintiff. (Doc. 10 Ex. B). The notice gave plaintiff 14 days to respond with a written safety plan to prevent a recurrence of the nuisance activities. Additionally, plaintiff was notified of the right to appeal, within 10 days, the "emergency decision to shut down and board up" plaintiff's premises. Further, if plaintiff disagreed with the decision on appeal, plaintiff would have 15 days to appeal to the Board of Zoning Appeals. (*Id.*). According to the Amended Complaint, the boards were removed the day after this notice. Thus, the pleadings establish that an adequate postdeprivation procedure was in place.

For the foregoing reasons, the Amended Complaint fails to state a claim on Count One.

**(2) Count Two**

As to the wrongful interference with business operations claim, the Court assumes plaintiff intended a tortious interference with a business relationship claim which exists under

Ohio law. To prevail on this claim, plaintiff must establish: (1) the existence or the prospect of a business relationship; (2) that defendants knew of the relationship; (3) that defendants intentionally and materially interfered with the prospective relationship; (4) the interference was without justification; and (5) the interference caused plaintiff to suffer damages. *Plastics NYC, LLC* v. *Plastics Boutique, LLC,* 2025 WL 2696305, at *19 (N.D. Ohio Sept. 22, 2025) (citations omitted).

> This claim states in full:
>
> 19. Defendants' actions unlawfully interfered with Plaintiff's lawful business operations, causing immediate and irreparable harm.
>
> 20. Defendant's actions are directly in breach of the lease that Plaintiff entered with Defendants Flats East Phase 1 Retail, LLC and George Kimson, Jr.

Initially, it must be noted that the Amended Complaint fails to distinguish which "defendant's" actions were unlawful. Consequently, the Court is unable to construe this claim against the City defendants. Additionally, plaintiff has voluntarily dismissed defendants Flats East Phase 1 Retail, LLC and George Kimson, Jr. Thus, the Amended Complaint fails to state a claim against the City defendants as to Count Two on this basis. Furthermore, as the City defendants point out, no facts are alleged regarding the elements of this claim which are set forth above.

For these reasons, Count Two fails to state a claim.

**Conclusion**

For the foregoing reasons, the City Defendants' Motion for Judgment on the Pleadings is granted.

   IT IS SO ORDERED.

/s/ Patricia A. Gaughan
_____
PATRICIA A. GAUGHAN
United States District Court